IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DORIEN JAMILL FRANKLIN                                                                    PLAINTIFF

VERSUS                                                         CIVIL ACTION NO.  5:06cv115DCB-MTP

LEON PERRY, LAWRENCE WALTON,
and RICHARD RANDALES                                                                    DEFENDANTS

MEMORANDUM OPINION

This cause is before the court, <u>sua sponte</u>, for consideration of dismissal.  The plaintiff, Dorien Jamill Franklin, #L2167, an inmate currently incarcerated in the Mississippi State Penitentiary, Parchman, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983.  By order [7-1] entered on September 29, 2006, the plaintiff was directed to show cause why this case should not be dismissed for failure to exhaust his available administrative remedies.  The plaintiff filed his response [8-1] on November 3, 2006.   Upon review of the complaint and the plaintiff's response, the court finds that the plaintiff has failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e.  Therefore, this case will be dismissed without prejudice.

Background

In his complaint, the plaintiff complains that he was subjected to excessive use of force, placed in administrative segregation, received two Rule Violation Reports and had his hair cut even though it is against his religion.  On page 3 of his complaint, the plaintiff states that he has not filed a grievance with the Administrative Remedies Program (A.R.P.) because "excessive force is beyond A.R.P."

An order to show cause [7-1] was entered on September 29, 2006, directing the plaintiff to

provide a copy of the statement or memorandum by a prison official which supported the plaintiff's claim that A.R.P. did not apply to claims of excessive force.  Additionally, the order to show cause [7-1] directed the plaintiff to submit a certificate or third step response establishing that he had exhausted his administrative remedies concerning his claims of being placed in administrative segregation, receiving two separate Rule Violation Reports and being required to have his hair cut.  In his response [8-1], the plaintiff argues that he should be excused from exhausting his administrative remedies for the following reasons:  the interest of the plaintiff to received immediate judicial review outweighs the government's interest in the requirement of exhaustion; and that he is not required to exhaust his administrative remedies since he is seeking monetary relief.  As discussed below, the plaintiff's reason for failing to complete the Administrative Remedy Program is without merit.

## Analysis

The controlling statute, 42 U.S.C. § 1997e, provides in clear language that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Section 1997e requires a state prisoner to exhaust available administrative remedies before filing a section 1983 suit.  Moreover, it clear that "[e]xhaustion is no longer left to the discretion of the district court, but is mandatory." Woodford v. Ngo, ____ U.S. _____, 126 S.Ct. 2378, 165 L. Ed. 2d 368(2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).  "Congress unambiguously expressed its intent that exhaustion be generally imposed as a threshold requirement in prisoner cases." Wendall v. Asher , 162 F.3d 887, 890 (5th Cir. 1998);  see also Underwood v. Wilson, 151 F.3d 292, 296

(5th Cir.1998)("By choosing to file and pursue his suit prior to exhausting administrative remedies as required, Underwood sought relief to which he was not entitled - -that is, federal court intervention in prison affairs prior to the prison having had the opportunity to address the complaint within its grievance procedures."). The exhaustion requirement is "mandatory, '*irrespective of the forms of relief sought and offered through administrative avenues*.' " Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003) (quoting Booth v. Churner, 532 U.S. 731, 739, 741 n.6 (2001)) (emphasis added).

The United States Court of Appeals for the Fifth Circuit Court illustrated the application of the statutory exhaustion requirement in Wendall v. Asher, 162 F.3d at 890, wherein plaintiff was a prisoner who had failed to exhaust his administrative remedies. The district court dismissed his Section 1983 complaint without prejudice, and the dismissal was affirmed by the Fifth Circuit on appeal. Id. at 891. The Fifth Circuit held in pertinent part that the mere fact of a prisoner's failure to exhaust his administrative remedies does not end a court's analysis of the statutory exhaustion requirement and that the exhaustion requirement is subject to certain defenses. Ultimately, the Fifth Circuit affirmed the district court's dismissal without prejudice only after finding that the plaintiff/prisoner "has not raised any valid excuse for failing to exhaust his administrative remedies" and that "dismissal of [the prisoner's] claims in this case will not cause any injustice or render judicial relief unavailable." Orange v. Strain, 2000 WL 158328, at *2 (E.D. La. Feb. 10, 2000) (quoting Wendall v. Asher, 162 F.3d 887, 892). Clearly, the request for monetary damages does not prevent the plaintiff from pursuing a grievance through the administrative process of the Mississippi Department of Correction. See Days v. Johnson, 322 F.3d at 866). Therefore, notwithstanding the plaintiff's arguments in his response [8-1], he has

not raised any valid excuse for his failure to exhaust his administrative remedies before he filed this complaint. As such, this complaint will be dismissed.

## Conclusion

In light of the plain mandatory language of the statute, notwithstanding the plaintiff's argument that he is not required to exhaust the administrative remedies program because his interest for immediate judicial review outweighs the government's interest requiring exhaustion and that he sought only monetary damages, it is clear that this complaint must be dismissed. Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice. See Wright v. Hollingsworth, 260 F.3d 357, 359 (5th Cir. 2001).

A final judgment in accordance with this memorandum opinion will be entered.

This the 15th day of November, 2006.

S/DAVID BRAMLETTE  
UNITED STATES DISTRICT JUDGE